IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>vs.<br><br>FRANCISCO ALVARADO SANTOS,<br><br>                   Defendant. | 4:13-CR-3078<br><br>TENTATIVE FINDINGS |

      The Court has received the revised presentence investigation report (PSR) in this case. The defendant has filed an objection (filing 53).

      IT IS ORDERED:

1.   The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a)   give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b)   resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)   impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)   impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)   depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

   (f)  in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. Santos objects to the PSR on several grounds. First, he objects to the two-level enhancement for possession of a dangerous weapon in connection with a drug offense. Second, Santos objects to the four-level aggravating role enhancement. Filing 53 at 2–3. He also objects to various factual assertions in the PSR, but these generally have no impact on his advisory Guidelines range.

### (A) The Dangerous Weapon Enhancement

  The PSR applies a two-level enhancement to Santos' offense level for possession of a dangerous weapon in the commission of the offense. *See* U.S.S.G. § 2D1.1(b)(1). For this enhancement to apply, the government must prove by a preponderance of the evidence that (1) the weapon was possessed; and (2) it was not clearly improbable that the weapon was connected to the drug offense. *United States v. Garcia*, 703 F.3d 471, 476 (8th Cir. 2013). Actual or constructive possession will suffice. *United States v. Dunn*, 723 F.3d 919, 929 (8th Cir. 2013). "If possession is established, the enhancement applies 'if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense.'" *Id.* (quoting U.S.S.G. § 2D1.1(b)(1), cmt. n.11(A)). The government proves a connection between the firearm and the offense by showing the existence of a temporal and spatial relation between the weapon, the drug trafficking activity, and the defendant. *United States v. Young*, 689 F.3d 941, 946 (8th Cir. 2012). Although the mere presence of a firearm is not enough, the government need not show that the defendant used or even touched the firearm. *Garcia*, 703 F.3d at 476.

  The PSR applies the enhancement based upon three separate incidents. The first incident involved Mike Clauff and occurred "sometime between the summer of 2010 and September 2011." PSR at ¶ 60(a). Clauff was involved in buying methamphetamine from Santos for resale, and has pleaded guilty and been sentenced for conspiracy to distribute methamphetamine. *See* case no. 4:11-cr-3124. Clauff claims that during this incident, he was obtaining methamphetamine from "'Jose,' who was later identified either as being the defendant or someone working with him." PSR at ¶ 60(a). The PSR then states:

- 2 -

> During a law enforcement interview with Clauff at the time [in October 2011], he advised that he was confronted by 'Jose' and another individual wearing a hoodie who was holding a gun . . . . During this confrontation, the defendant told him he wanted his money. Eventually, Clauff's vehicles [two Camaros] were taken from him over the drug debt, and were later seen [by law enforcement] in the defendant's possession. Although Clauff was uncertain of the identity of the individual holding the gun, according to the government, it was someone working for the defendant and/or under his direction.

PSR at ¶ 60(a).

On these facts, it is doubtful that the enhancement would apply. Although the PSR relates that "the defendant told [Clauff] he wanted his money," it also states that Clauff was unsure whether the defendant was even present at the alleged confrontation. In any event, Santos has objected to these facts, so the government has the burden to present evidence of the Clauff incident at the sentencing hearing. *United States v. Mann*, 701 F.3d 274, 310 (8th Cir. 2012). Accordingly, the Court will resolve this objection at sentencing.

The second incident involved a traffic stop that occurred in Grand Island, Nebraska, in May 2013. Police stopped the vehicle, which Santos was driving, for a traffic violation. Three other people were in the car with Santos. A search of the car revealed half a gram of methamphetamine and a stolen handgun. PSR at ¶¶ 60(b), 90. The PSR does not state where in the car the handgun was found. Here too, Santos has objected to the facts stated in the PSR and the government will need to present evidence of this traffic stop at the sentencing hearing. Santos also raises two arguments: (1) that the handgun was found in area beyond his physical control; and (2) that the May 2013 incident does not qualify as relevant conduct to the current offense. Filing 53 at 2. Both are worth briefly addressing.

Santos first disputes whether he was in possession of the firearm. As noted above, the government does not need to show that Santos actually possessed the firearm; constructive possession will suffice. *Dunn*, 723 F.3d at 929. To establish constructive possession, the government must show that the defendant had (1) knowledge of an object, (2) the ability to control it, and (3) the intent to do so. *United States v. Espinoza*, 684 F.3d 766, 777 (8th Cir. 2012). So, constructive

- 3 -

possession of contraband in a vehicle may be shown by knowledge of the contraband's presence and dominion over the vehicle. *Ortega v. United States*, 270 F.3d 540, 545 (8th Cir. 2001).

On the current record, the Court cannot determine if Santos was aware that the firearm was in the car. If the government shows that Santos was aware of the gun, then (barring other, contradictory indicators), he may have been in constructive possession of the gun. Santos was not merely a passenger, but was driving the car, and as such, he may have had dominion over its contents. *See, e.g.*, *United States v. Evans*, 431 F.3d 342 (8th Cir. 2005); *see also United States v. Lawing*, 703 F.3d 229, 242 (4th Cir. 2012) (notwithstanding presence of another passenger, defendant found in possession of firearm in vehicle's trunk where he was both owner and driver of vehicle). However, in order to determine whether the enhancement applies, the Court will need more information, such as the precise location where the handgun was found and any facts tending to show Santos' awareness (or ignorance) of the handgun.

Similarly, the Court will also need more information to evaluate whether the May 2013 incident qualifies as "relevant conduct" for the current offense. Generally, in considering the applicability of a specific offense characteristic, the Court considers not only the offense charged but all relevant conduct. U.S.S.G. § 1B1.3(a); *see also United States v. West*, 612 F.3d 993, 997 (8th Cir. 2010). Relevant conduct includes all acts and omissions of the defendant that were part of the same course of conduct or common scheme or plan as the offense of conviction. *United States v. Thomas*, 760 F.3d 879, 888 (8th Cir. 2014). This may include charged, uncharged, dismissed, and acquitted conduct. *Id.* at 889. And "'[c]onduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range.'" *United States v. Burman*, 666 F.3d 1113, 1119 (8th Cir. 2012) (quoting U.S.S.G. § 1B1.3 cmt. background). So, acts may fall within the same course of conduct even if they occur after the end-date of the conspiracy as charged in the indictment. *See United States v. Payne*, 226 F.3d 792, 796 (7th Cir. 2000).

To determine if actions constitute relevant conduct, the Court considers factors such as the similarity, regularity, and temporal proximity of the charged and uncharged conduct. *Thomas*, 760 F.3d at 888; *see, e.g.*, *United States v. Savage,* 414 F.3d 964, 966 (8th Cir. 2005). At this time, the Court lacks the information needed to properly

evaluate these factors, and this matter will be resolved at sentencing. That brings the Court to the third incident.

In June 2014, the defendant was arrested in California during a police search of a marijuana grow house. An anonymous tipster had reported to police that the house was being used to grow marijuana; that the defendant was involved; and that the defendant was known to carry a handgun. When the residence was searched, police found Santos there, as well as evidence of a marijuana grow operation. But the police did not locate a handgun. PSR at ¶ 60(c). The PSR states that the enhancement is nonetheless warranted because of the otherwise accurate nature of the information provided by the tipster.

Again, Santos has objected to these facts and the Court will resolve this matter at sentencing. The Court, however, is skeptical of applying the enhancement based solely on the report of an unnamed tipster. The Court may, of course, consider hearsay evidence at sentencing, even uncorroborated hearsay. *United States v. Pratt*, 553 F.3d 1165, 1170 (8th Cir. 2009). But such hearsay must bear sufficient indicia of reliability. *Id.* On the current record, such indicia are lacking. Moreover, it is doubtful that this incident qualifies as relevant conduct. This incident occurred well over a year after the time frame alleged in the indictment, in a location far removed from the geographic locus of the current offense, and it involved a different drug. That said, the government may present its evidence at sentencing, at which time the Court will resolve this matter.

Finally, the PSR states that the enhancement should apply based on the accumulation of these three incidents, even if none standing alone would be sufficient. *See* PSR at ¶ 61. The Court is skeptical, but will resolve this matter at sentencing.

### (B) The Leadership Enhancement

Second, the PSR applies a four-level enhancement to the defendant's offense level for being an "organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). An organizing or leading role is to be distinguished from a "mere management or supervision" role, which would warrant a lesser, three-level enhancement, where the criminal activity involved five or more participants or was otherwise extensive. U.S.S.G. § 3B1.1(b), (c) & cmt. n. 4. The government bears the burden of proving facts showing that this enhancement is warranted. *See United States v. Gamboa*, 701 F.3d 265, 267 (8th Cir. 2012). Santos does not dispute that there were more than five participants involved

in the present drug conspiracy. *See* PSR at ¶¶ 13–28, 31–58. However, he argues that he was not an organizer or leader, nor a manager or supervisor, and that no aggravating role enhancement is warranted.

The Court tentatively finds that the full four-level enhancement is warranted, even considering only those portions of the PSR to which Santos has not objected. It will help to first consider the three-level managerial enhancement. The terms "manager" and "supervisor" are to be construed broadly. *United States v. Cole*, 657 F.3d 685, 687 (8th Cir. 2011). The enhancement may apply even if the management activity was limited to a single transaction. *United States v. Lopez*, 431 F.3d 313, 318 (8th Cir. 2005). And it will apply where the defendant has directed another co-conspirator to purchase or sell drugs. *Gamboa*, 701 F.3d at 267. Santos does not dispute that several other people sold drugs on his behalf at one time or another, some of them for months at a time. PSR at ¶¶ 46–50. On this basis alone, the managerial enhancement is warranted. But Santos' role in the present drug conspiracy exceeds one of management and supervision, and the full four-level enhancement is warranted.

The terms "organizer" and "leader" are also to be construed broadly. *United States v. Irlmeier*, 750 F.3d 759, 764 (8th Cir. 2014). The defendant need not be the organizer who "first instigated the criminal activity," nor the sole leader or organizer, and the defendant need not lead or organize all of the participants. *Id.* The key factors are control and organization. *Id.* But these are merely factors, *id.*, and the Court must consider other factors as well, such as: the exercise of decision-making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. *United States v. Henley*, 766 F.3d 893, 916 (8th Cir. 2014); *United States v. Alexander*, 714 F.3d 1085, 1091 (8th Cir. 2013); U.S.S.G. § 3B1.1 cmt. n. 4.

Applying these factors, the Court tentatively finds that the full four-level enhancement is warranted. *See, e.g.*, *Irlmeier*, 750 F.3d at 764–65. Santos had several people reselling drugs under him and ran a significant distribution operation that spanned nearly 4 years. Significantly, Santos recruited several of these people. Upon meeting resistance from one person, Santos promised to pay him as much as he was earning at his employment. *See* PSR at ¶¶ 46–50, 62. But Santos has objected, and the Court will resolve this matter at sentencing.

      Santos has also objected to various other facts contained in the PSR. *See* filing 53 at 1–3. These objections do not affect the Court's determinations above and do not affect Santos' advisory sentencing range under the Guidelines. To the extent these objections matter, they will be resolved at sentencing.[1]

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 9th day of March, 2015.

                          BY THE COURT:

                          */s/ John M. Gerrard*
                          John M. Gerrard
                          United States District Judge

---

[1] In particular, Santos has objected to several statements in the PSR that he was responsible for bringing drugs from Colorado to Nebraska. *See, e.g.*, PSR at ¶¶ 35, 40, 44, 59, 62; filing 53 at 1–2. The Court finds that the leadership enhancement is warranted regardless of the source of the methamphetamine Santos was distributing. To the extent they matter, these objections will be resolved at sentencing.